**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF GEORGIA**
**1967 UNITED STATES COURTHOUSE**
**75 SPRING STREET, S.W.**
**ATLANTA, GEORGIA 30303-3361**

CHAMBERS OF
**G. ERNEST TIDWELL**
SENIOR JUDGE

June 6, 2007

The Judicial Conference of
   the United States
Committee on Financial Disclosure
One Columbus Circle, N.E.
Washington, D.C. 20544

Dear Judge Smith:

   This will acknowledge receipt of a letter dated May 11, 2007, from you addressing three questions in regard to my calendar year 2006 annual ethics report.

   On June 5th I called the committee's office and asked to speak to a committee staff member and was referred to Mr. Laugesen. I discussed each of the three issues raised in your letter with Mr. Laugesen and my responses are based, in substantial part, upon the suggestions that he made.

   I will address the questions raised in reverse order. In the fifth paragraph of the letter there is an issue referred to concerning the date of my signature and when it was dated. According to my file copy the date in block 3 of the report is April 25, 2007 and I signed the report on April 26, 2007. Mr. Laugesen pulled a file copy of my report and examined the signature and the dating of my signature and, as I understand his position, my signature and the dating of my signature is sufficiently in compliance with the requirements so that no further action is necessary. Therefore I will not offer any further explanation or take any further action in regard to this particular item.

   The second paragraph of your letter makes reference to a listing of Allmercia Financial Life Ins. Co. on part VII, page 4, line 5. This involves an insurance policy that I have had on my life for probably more than 20 years. The insurance company has changed both its ownership and its name over that period of time. The policy was issued originally in the name of State Mutual Life and as of the date when I originally filed the report for 2006, the name of the insurance company has been changed to Allmerican Financial Life Insurance

Company.  In prior reports I inadvertently failed  to  list this insurance company in part VII.  In gathering information for the 2006 report I discovered this failure and added a listing for Allmerican Financial Life Insurance Company. Although I inadvertently failed to list this company, the valuation codes would not change and the total valuations are still accurate and correct.   I hope that the foregoing is a sufficient explanation of the inquiry made in your letter and is a sufficient response to this particular item.

In the third paragraph of your letter, inquiries are made about the entry on part VII, page 4, line 10 "Bank of America other accounts".   In prior years I inadvertently failed to identify or specify the accounts I had with Bank of America and it is my understanding, and I intend in the future, to make reference to these accounts as Bank of America – accounts.  In prior years I thought that it was not necessary for me to identify the specific accounts I have either with the Bank of America or the Associated Credit Union, but in an effort this year to make a full disclosure, I made the listings that were contained in this year's report.

It is my understanding that I should in the future years identify those accounts I have with both the Bank of America and Associated Credit Union, as the case may be, as Bank America - accounts, or Associated Credit Union - accounts, with the appropriate valuation codes included and that this would be the appropriate way to report these matters.

In reviewing this report after receipt of the May 11 letter, I have also determined that the reference on line 9, part VII, to Bank of America CD is in error as I do not have any CD's with the Bank of America.   This item should be included, in the future, with my Associated Credit Union accounts.  Even with this modification, the valuations do not change and remain accurate.

Committee on Financial Disclosure
June 5, 2007
Page Three


I trust that the foregoing is a sufficient explanation and that I have sufficiently explained the issues raised by the May 11 letter.

If I need to take any further action please let me know.

Yours very truly,

G. Ernest Tidwell

GET:ma

| AO 10 Rev. 1/2007 | **FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2006** | *Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>TIDWELL, GEORGE E | 2. Court or Organization<br><br>UNITED STATES DISTRICT COURT | 3. Date of Report<br><br>04/25/2007 |
| --- | --- | --- |
| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>SENIOR JUDGE | 5a. Report Type (check appropriate type)<br><br>☐ Nomination,     Date<br>☐ Initial    ☒ Annual    ☐ Final<br><br>5b.   ☐   Amended Report | 6. Reporting Period<br><br>01/01/2006<br>to<br>12/31/2006 |
| 7. Chambers or Office Address<br><br>1967 U.S. Courthouse<br>75 Spring Street S.W.<br>Atlanta, Georgia 30303-3361 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____ Date_____ | |

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of instructions.)*

[X] NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
| --- | --- |
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of instructions.)*

[X] NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
| --- | --- |
| 1. | |
| 2. | |
| 3. | |

RECEIVED 2007 MAY -1 A 9: 48 FINANCIAL DISCLOSURE OFFICE

| Name of Person Reporting | Date of Report |
|---|---|
| TIDWELL, GEORGE E | 04/25/2007 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of instructions.)*

### A. Filer's Non-Investment Income

[X] NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME<br>(yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

[X] NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children. See pp. 25-27 of instructions.)*

[X] NONE *(No reportable reimbursements.)*

| | SOURCE | DESCRIPTION |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| TIDWELL, GEORGE E | 04/25/2007 |

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of instructions.)*

[X] NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children. See pp. 32-33 of instructions.)*

[ ] NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Associated Credit Union | Credit Card | J |
| 2. | American Express | Credit Card | J |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| TIDWELL, GEORGE E | 04/25/2007 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of the spouse and dependent children. See pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, redemption) | (2) Date Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. United States Savings Bonds | A | Interest | J | T | | | | | |
| 2. New England Mutual Life Ins. Co. (Met. Life) | A | Interest | J | T | | | | | |
| 3. Georgia International Life Ins. Co. (S.W. Life Ins. Co.) | A | Interest | J | T | | | | | |
| 4. Jefferson Pilot Life Ins. Co. (Lincoln Financial) | A | Interest | J | T | | | | | |
| 5. Allmercia Financial Life Ins. Co. (State Mutual) | A | Interest | J | T | | | | | |
| 6. Merrill Lynch Retirement Benefit Investment Program IRA | B | Dividend | J | T | | | | | |
| 7. Associated Credit Union (IRA C.D. IRA Acct) (2) | A | Interest | J | T | | | | | |
| 8. Associated Credit Union (IRA) C.D. IRA Acct) (4) | A | Interest | K | T | | | | | |
| 9. Bank of America CD | A | Interest | J | T | | | | | |
| 10. Bank of America other accounts | A | Interest | J | T | | | | | |
| 11. Associated Credit Union (other accounts) | A | Interest | K | T | | | | | |
| 12. MET Life | A | Interest | K | T | | | | | |
| 13. Home Depot | A | Dividend | J | T | | | | | |
| 14. Lexington Corp.Prop. | A | Dividend | J | T | | | | | |
| 15. Merrill Lynch CMA Tax Exempt Fund | A | Dividend | J | T | | | | | |
| 16. Tax Ex. Bd. Fd. of America | C | Dividend | L | T | | | | | |
| 17. American Investment Company of America | D | Dividend | M | T | partial sale | 11-15 | K | D | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes (See Column C2) | P3 =$25,000,001 - $50,000,000 | R =Cost (Real Estate Only) | P4 =More than $50,000,000 | T =Cash Market | |
| | Q =Appraisal | V =Other | S =Assessment | | |
| | U =Book Value | | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| TIDWELL, GEORGE E | 04/25/2007 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of Report.)*

VIII. ADDITIONAL INFORMATION OR EXPLANATIONS

Paragraph VII, lines 2, 3, 4 and 5. I have added information to make sure that the present correct name of the life insurance company appears as well as the correct original name of the company at the time the policy was issued. There have been multiple changes of ownership and names on each of these policies and the addition of this information makes the entry involved more accurate.

Paragraph VI, lines 1 and 2. ██████████ have had these credit cards for a number of years and they were identified this year to report their existence and make this item more accurate.

| Name of Person Reporting | Date of Report |
|---|---|
| TIDWELL, GEORGE E | 04/25/2007 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.



Signa___                                    ate  *4-26-07*

NOT___                                    ___ ___ILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL
AND___ ___CTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544